UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HERB CARTER,

          Plaintiff,

   v.

JOHN DEAL, et al.,

          Defendants.

CASE NO. C11-5604BHS

ORDER DENYING MOTION FOR JUDGMENT ON PLEADINGS

This matter comes before the Court on Defendants John Deal and Hodgson & Sons, Inc.'s (the "moving Defendants") motion for judgment on the pleadings (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 9, 2011, Plaintiff Herb Carter ("Carter") filed the complaint in this action against Defendants. Dkt. 1. Carter's claims arise out of a motor vehicle accident that occurred on August 31, 2009 in Grangeville County, Idaho. *Id*.

ORDER - 1

On October 20, 2011, the moving Defendants filed a motion for judgment on the pleadings for lack of subject matter jurisdiction due to lack of complete diversity of citizenship of the parties. Dkt. 16. On October 26, 2011, Defendants David Randall and "Jane Doe" Randall (the "Randall Defendants") filed a motion joining in the moving Defendants' motion. Dkt. 17. On November 10, 2011, Carter filed a response in opposition to the motion seeking voluntary dismissal of the Randall Defendants and leave to amend his complaint. Dkt. 18. On November 16, 2011, the moving Defendants replied (Dkt. 20) and Carter filed a "strict" reply thereto (Dkt. 21).

## II. FACTUAL BACKGROUND

On August 31, 2009, Carter was a passenger in a vehicle driven by Defendant David Randall traveling on a gravel road in Grangeville County, Idaho. Dkt. 1. At approximately the same time, a dump truck, driven by Defendant John Deal, was traveling on the same road in the opposite direction. *Id*. According to Carter's complaint, the two vehicles almost collided head-on, forcing Defendant David Randall to swerve and drive off the road, resulting in severe injuries to Carter. *Id*.

Carter alleges his injuries were the result of negligence of Defendants John Deal and David Randall. *Id*.

## III. DISCUSSION

Moving Defendants seek judgment on the pleadings for lack of subject matter jurisdiction based on the lack of complete diversity of citizenship between the parties as Carter and the Randall Defendants are all citizens of the state of Washington. Dkt. 16. Carter seeks to dismiss the Randall Defendants as parties, leave to amend his complaint

to reflect their dismissal, and denial of moving Defendants' motion. Dkt. 18. The moving Defendants allege that David Randall is an indispensible party to the action and therefore cannot be dismissed to cure jurisdictional issues. Dkt. 20. The moving Defendants state that "[u]nder Idaho law, the dismissal of defendant David Randall will result in [Carter] only being able to collect damages determined by a jury from [the moving Defendants], as liability is several pursuant to IC 6-803." *Id.* at 3. Therefore, according to the moving Defendants, by dismissing David Randall, Carter "is prejudicing his own claim by not being able to collect fault allocated to defendant David Randall." *Id.* Carter maintains that David Randall is not an indispensible party, or even a necessary party, and therefore, can be dismissed for jurisdictional purposes. Dkt. 21.

Rule 19(a) of the Federal Rules of Civil Procedure governs who is a required, or necessary, party to a lawsuit. If a party is found to be necessary, Rule 19(b) instructs courts to determine if an action should continue when joinder of a required party is not feasible. Fed. R. Civ. P. 19(b). The United States Supreme Court, in *Temple v. Synthese Corp.*, 498 U.S. 5, 7 (1990), specifically stated that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."

Here, the Court concludes that the Randall Defendants are not necessary parties to the lawsuit under Rule 19(a) and accordingly, Carter is free to dismiss them from his lawsuit to cure jurisdictional issues. Under Idaho law, liability in this action is several, rather than joint and several, (*see* I.C. § 6-803). Therefore, the moving Defendants are not prejudiced in any way by having the Randall Defendants dismissed from this suit. Moreover, even if joint and several liability were available, the Supreme Court has

1 specifically stated that typical joint tortfeasors are not indispensible, or even necessary,

2 parties to a lawsuit. *Temple*, 498 U.S. at 7.

### IV. ORDER

Therefore, it is hereby **ORDERED** that the moving Defendants' motion for judgment on the pleadings (Dkt. 16) is **DENIED** and Carter's request for leave to amend his complaint to reflect dismissal of the Randall Defendants is **GRANTED**.

Dated this 19th day of December, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge